**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4719**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHUN J. DIGGS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:06-cr-00015-FDW)

Submitted:  January 11, 2008          Decided:  January 23, 2008

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Peter Adolf, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Gretchen C.F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shun J. Diggs pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and was sentenced to 59 months' imprisonment. Diggs appeals his conviction and sentence. Finding no reversible error, we affirm.

Diggs argues the district court erred in denying his motion to suppress evidence seized after officers stopped, frisked and searched him. This court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Diggs first alleges the officers lacked reasonable suspicion to stop and frisk him. Under Terry v. Ohio, 392 U.S. 1, 21-22, 27 (1968), an officer may seize a person if the officer can articulate reasonable suspicion that the person has just committed or is about to commit a crime, and the officer may pat-down the person's outer clothing for weapons if the officer reasonably believes that the person may be armed. Reasonable suspicion requires more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation. See United States v. Hensley, 469 U.S. 221, 232

- 2 -

(1985).  In assessing whether an officer possesses more than a mere hunch to justify a stop, a reviewing court must credit the "practical experience of officers who observe on a daily basis what transpires on the street."  United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993).  Factors which by themselves suggest only innocent conduct may amount to reasonable suspicion when taken together.  United States v. Arvizu, 534 U.S. 266, 274-75 (2002); United States v. Sokolow, 490 U.S. 1, 9-10 (1989).

When reviewing the totality of the circumstances, relevant behavior includes whether the stop occurred in a high-crime area, and whether the suspect seemed nervous or evasive. United States v. Mayo, 361 F.3d 802, 805-06 (4th Cir. 2004).  In Mayo, this court found sufficient reasonable suspicion that criminal activity was afoot based on the following facts:  (1) the encounter occurred in a high-crime area; (2) after seeing the officers, the defendant put his hand in his pocket and appeared to be supporting something heavy; (3) the defendant turned away from the officers and headed in another direction; and (4) the defendant displayed nervous behavior.  Id. at 807-08.

Here, Agent Andrew Cheramie of the Bureau of Alcohol, Tobacco, Firearms and Explosives was conducting surveillance of a high crime area and noticed Diggs and two other individuals loitering around different areas over a period of time without an obvious purpose.  Agent Cheramie then contacted uniformed Charlotte

Mecklenburg police officers Christopher Miller and Anthony Hall, who were working with him on a robbery prevention task force, and advised them to follow-up with the individuals. When the officers arrived to the area, Diggs and the other two individuals split up to go separate directions, which based on Officer Miller's experience, was done in an attempt to elude police or gain a tactical advantage over officers. When Officer Miller asked Diggs where he was going, he stated he was going home but pointed in the opposite direction than he had been walking.

Officer Miller noticed a bulge in Diggs' pocket. Although Diggs initially stated he had identification, when Officer Miller asked to see it, Diggs reached into that pocket and immediately withdrew his hand, stating he did not have identification. Officer Miller was thus lead to believe Diggs was hiding something. Officer Miller also testified Diggs' eye movements and body language suggested he was looking for a way to run and that "wasn't just a hunch or suspicion . . . I was pretty certain that I was dealing with somebody who was engaged in criminal activity."

We find, construing the evidence in the light most favorable to the Government, that the district court did not err in finding that the officers had reasonable suspicion to stop and frisk Diggs based on the totality of the circumstances.

Diggs next contends that his raising his arms up when Officer Miller asked if he could search him did not amount to consent to the search of his person. Whether a defendant consents to a search is a factual question determined under the totality of the circumstances and reviewed under the clearly erroneous standard. See Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973); United States v. Jones, 356 F.3d 529, 533 n.* (4th Cir. 2004). The Government has the burden of proving that consent was freely and voluntarily given. Schneckloth, 412 U.S. at 222.

This court has previously recognized that consent can be inferred from the physical actions of a suspect. See United States v. Wilson, 895 F.2d 168, 170 (4th Cir. 1990). In Wilson, the suspect had been stopped by a Drug Enforcement Agent in one of the Washington, D.C., area airports. Id. The agent was searching Wilson's bag when he noticed a suspicious bulge in Wilson's pants. Id. He then asked Wilson if he could search his person. Wilson responded by "shrugg[ing] his shoulders and extend[ing] his arms." Id. We found this conduct sufficient to convey consent.

Similarly, here, Officer Miller noticed a bulge in Diggs' pocket and asked Diggs if he had any weapons. Diggs stated he did not have any weapons. Officer Miller then asked, "[d]o you mind if I search?" Diggs made no verbal response but raised his arms up. We find that based on the absence of evidence of threats, force, or physical intimidation, which Diggs has not alleged, Diggs' raising

of his arms constituted a voluntary consent to search his person. See Wilson, 895 F.2d at 170. Accordingly, the district court did not clearly err in finding Diggs consented to the search and therefore denying the motion to suppress.

Finally, Diggs contends the district court erred by enhancing his sentence for possessing a stolen firearm based on hearsay evidence. However, Diggs' claims fails, because hearsay evidence is admissible at sentencing. See United States v. Love, 134 F.3d 595, 607 (4th Cir. 1998).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED